## QUALIFICATIONS OF COUNCILMEN.

[Circuit Court of Butler County.]

STATE, EX REL ROBERT J. SHANK, V. HOMER GARD—QUO WAR-
RANTO; AND FRED SHEARER V. BRANDON R. MILLIKIN
ET AL—INJUNCTION.

Decided, May 1, 1906.

*Municipal Corporations—Qualifications of Members of Council—Inhibition against the Holding of any Other Office or Public Employment—Council the Judge of Election and Qualification of its Members—Words and Phrases—Construction of Sections 1536-612 and 1536-613.*

1. The inhibition against the holding of other public office or employment, found in Section 120 of the municipal code (Revised Statutes, Section 1536-613), relating to the qualifications of councilmen, is not limited to other office or employment by the municipality, but extends to all public office and employment.
2. Where one is elected to council who is already serving in the office of school examiner and is further employed as superintendent of a public school, the election is a nullity by reason of his ineligibility, and council has the right to so determine without notice to the one so affected or the taking of any proceedings against him, and may proceed to fill the vacancy forthwith.

Shank filed in the circuit court a proceeding in *quo warranto*, setting forth that at the organization of the council of the city of Hamilton, on January 8, 1906, he was elected clerk thereof, and that the defendant, Homer Gard, had usurped the said office and was unlawfully holding it from the possession of the relator. The prayer was for ouster.

The answer denied the election of the relator and the alleged usurpation, and alleged that in May, 1903, the defendant was duly elected clerk of the council for a term of two years and until his successor was elected and qualified, and that on January 8, 1906, the defendant was legally re-elected to said office for the term of two years, and that he gave bond, qualified and is performing the duties of the office.

* Affirmed by the Supreme Court, without report, December 4, 1906.

The reply was substantially a denial of the new matter in the answer.

The determination of the issue thus presented was dependent upon the disputed title to a seat in council. The findings of fact as made by the circuit court were as follows:

That at the November election, 1904, Fred Shearer, an elector of the city of Hamilton, was elected for two years as a member at large of the city council of said city; that prior to and at the time of such election said Fred Shearer held a public office in Butler county, Ohio, to-wit, the office of member of the county board of school examiners, and held a public employment in said city of Hamilton, Ohio, to-wit, as school teacher in and principal of one of the ward schools of said city, and as such officer and employe received compensation in money for his services; that continuously from the time of his election as said member of council and up until the filing of this proceeding he held said public office and said employment.

That said Fred Shearer acted as such member of the city council until December 27, 1905, at which time a regular re-cessed meeting of council was held, of which meeting said Fred Shearer had full knowledge, and at which meeting the said city council by resolution found and determined that at the time of the election of Fred Shearer as such member of council and continuously thereafter to that time he was said public officer and held such public employment, and that by reason thereof at all of said times he did not possess the qualifications of a member of council provided and required by Section 120 of the Municipal Code of Ohio, and by said resolution at said time the office of Fred Shearer as member of said city council was declared vacant, and that said Brandon R. Millikin was at said meeting duly elected by said council to fill the office of member of council in place of said Fred Shearer, and thereupon at said meeting of December 27, 1905, said Brandon R. Millikin appeared, took the oath of office and qualified as such member of council, and took possession of said office, and thereafter discharged the duties thereof; and the minutes of said meeting were duly approved at the next subsequent meeting of council.

That said Fred Shearer was not present at said meeting, and while he had knowledge of said meeting, he had no notice of the intended proceedings held by said city council, declaring him ineligible, and his office vacant, and the appointment of said Brandon R. Millikin.

The court finds that said city council met for organization January 8, 1906, at which time said Brandon R. Millikin was present as such member of council and that the president of council directed the then clerk, Homer Gard (the defendant), to call the roll of the members of the city council, which was done, and said Brandon Millikin's name was called and he answered to said roll, and thereupon council proceeded to elect a clerk, and the relator and defendant were both nominated for the office of clerk, and thereupon the president of council directed the roll to be called for said election, and said clerk did call said roll, including Brandon R. Millikin, and that four of the members of said council, including Brandon R. Millikin, voted for said defendant, and that three of the members thereof voted for Robert J. Shank, all of which is shown by the minutes of said council, and which minutes were duly approved at the next meeting of said council.

That at said last named meeting Fred Shearer was present, and that after the clerk had called the roll for the election of clerk, one J. P. Wilson, a member of said council, without the direction of any one, called the name of Fred Shearer, who responded by saying "Shank"; and the court finds that the calling of the name of Shearer by said Wilson does not appear on the minutes of said meeting. Thereupon the defendant was declared elected as such clerk of council, gave bond which was approved and filed, and entered into the possession and discharge of the duties of said office, and has since discharged the duties thereof.

That the relator subsequent to said meeting pretended to give bond as such clerk and demanded of the defendant the said office and books, documents, papers and property appertaining thereto, which said demand said defendant refused.

That said defendant, Fred Shearer, held said office of member of the board of county examiners and said employment as

school teacher of the Hamilton special school district at the time of his election, and that at his term of said office and of said employment terminated June, 1905, but that during the month of June, 1905, he was reappointed as a member of the board of county school examiners and re-engaged as a teacher by said school district, and without interval continued upon another term as such member of the board of county school examiners and as such teacher, and has acted as such continuously thereafter until the trial of this case.

*Andrews, Harlan & Andrews,* attorneys for the relator, contended—

"1. That Shearer was at least the *de facto* member of council, and that the proceeding of the city council December 27, 1905, adjudging him disqualified, declaring his office vacant and appointing a successor without charges, investigation, notice to Shearer or knowledge on his part, is a mere nullity; and that it makes no difference whether or not he was disqualified because of the positions he held either by their inherent incompatability or by reason of a statute forbidding them. Citing: *State, ex rel,* v. *Bryce,* 7 O., 82 (Pt. 2); *Hogan* v. *Carberry,* 7 Rec., 595; 6 O. D. (reprint), 729; *Board of Aldermen* v. *Darrow,* 13 Col., 460; 16 Am. St., 215; *Oliver* v. *Mayor of Jersey City,* 48 L. R. A., 412; *Halgreen* v. *Campbell,* 82 Mich., 255; 21 Am. St., 557; *State, ex rel,* v. *Ed. F. Hewelt,* 3 S. Dak., 187; 16 L. R. A., 415; *Commonweallh, ex rel,* v. *Slifer,* 25 Pa. St., 23; 64 Am. Dec., 680; *Jones* v. *State,* 28 Neb., 495; 7 L. R. A., 325; *State v. State Medical Examining Board,* 32 Minn., 324; 50 Am. Rep., 575; *State, ex rel,* v. *City of St. Louis,* 1 S. W., 757; *State* v. *Schultz,* 28 Pac., 643; *Hartigan* v. *Board of Regents,* 38 S. E., 698; *Dullam* v. *Wilson,* 53 Mich., 392; 51 Am. Rep., 128; *Carter* v. *City Council of Durango,* 27 Pac., 1057; *State, ex rel,* v. *Bryson,* 44 O. S., 457; *State, ex rel,* v. *McLean,* 58 O. S., 313; *State, ex rel,* v. *Sullivan,* 58 O. S., 504; *State, ex rel,* v. *Hawkins,* 44 O. S., 98; *Meachem* v. *Common Council of City of New Brunswick,* 62 Atlantic Reporter, 303; *Carr* v. *City Council of Augusta,* 52 Southern Reporter, 300; *State, ex rel,* v. *Hoglan,* 64 O. S., 532; *State* v. *Brice,* 7 O. S., 82 (Pt. 2); 4 Blackstone's Com., 282; *Murdock* v. *Trustees,* 12 Pick., 244; *State, ex rel,* v. *Darby,* 12 C. C., 235; affirmed, 52 O. S., 611; *State, ex rel,* v. *O'Bryan,* 47 O. S., 464; *Alderman* v. *Darrow,* 13 Col., 460; 16 Am. St., 215.

"2. In Ohio the doctrine prevails that a member of council chosen to an incompatible office, or an office forbidden to him,

does not lose his membership in the city council, but his election
or appointment to the second office is invalid. *State, ex rel,* v.
*Kearns,* 47 O. S., 566; *State, ex rel.* v. *Taylor,* 12 O. S., 130;
*Commissioners* v. *Cambridge,* 7 C. C., 72; *State* v. *Newark,* 6
N. P., 523; *State, ex rel,* v. *Brown,* 60 O. S., 499.

"3. Shearer was not disqualified under the law from holding
at the same time the office of member of city council, member
of county board of school examiners, and position of school
teacher. *State* v. *Kinney,* 20 C. C., 325, and *State, ex rel,* v.
*Brown,* 60 O. S., 499, were cited to establish the proposition that
the public office or public employment forbidden to members of
council is office under the municipality or employment by it;
and the former construction shall be given to the revision known
as the municipal code, in the absence of any clear indication
that the Legislature intended to change the law in that respect.
Citing: *Conger* v. *Barker,* 11 O. S., 1-13; *Ash* v. *Ash,* 19 O. S.,
385-387; *Williams* v. *State,* 35 O. S., 175; *State, ex rel,* v. *Com-
missioners of Shelby Co.,* 36 O. S., 326-330; *Allan* v. *Russel,* 39
O. S., 336; *State, ex rel,* v. *Auditor,* 43 O. S., 311; *State, ex rel,*
v. *Stockley,* 45 O. S., 304, 308-9; *Tyler's Executors* v. *Winslow,*
15 O. S., 364; *Hamilton* v. *Steamboat,* 16 O. S., 429; *Brower* v.
*Hunt,* 18 O. S., 311-338; *City of Warren* v. *Davis,* 43 O. S., 447.

"A section of a revised statute must be confined in its con-
struction as if it were still a part of the original act from which
it was taken. *Eversole* v. *Shiller,* 50 O. S., 701.

"The letter of a statute is sometimes restrained, sometimes
enlarged, and sometimes the construction is contrary to the
letter. *Burgett* v. *Burgett,* 11 O. S., 469-481; *Tracy* v. *Card,* 2
O. S., 431-441; *Slater* v. *Cave,* 3 O. S., 80-85; *State* v. *Harmon,*
31 O. S., 250-264; *Brigel* v. *Starbuck,* 34 O. S., 280-285; *John-
son* v. *State,* 42 O. S., 207-210; *Board of Education* v. *Board of
Education,* 46 O. S., 595-600-1.

"In the revision the Legislature has included 'public employ-
ment' as well as 'public office' as to disqualification; but the
public employment referred to is employment by the munici-
pality. There would be no reason or logic in a construction
which would forbid a member of council from holding any
other public office or public employment independent of the
municipality, such as U. S. Commissioner, trustee of one of the
state institutions, jury commissioner, clerk or deputy of the
county offices, member of the grand jury, petit jury, for these
are all either public offices or public employment; or from
building for the county or acting as janitor of the court house
and many others that may suggest themselves to the mind. Yet
all these are forbidden to a member of council unless we construe

this provision as it has been construed before the revision to mean public office or employment by the municipality. There is philosophy in forbidding a member of council to have any public office or employment under the city authorities, because almost any duties rendered the city or emoluments received from the city would be incompatible with his office as member of council, but not so in other branches of the public service.

"But, it may be claimed that our contention to the former construction put by the courts on the statute, have been overthrown by the expression 'except that of notary public or member of the state militia.'

"We maintain, however, that this exception only strengthens our position. It will be noted that the language is not except that of the office of notary public or office of member of the state militia (indeed the latter position is not an office at all), but the exception is that of the public employment of notary public or member of the state militia. That is, a member of the city council who may be a notary public or a member of the state militia shall not be disqualified as a member of council by his public employment either as a notary public or a member of the state militia by the city authorities.

"The purpose of the Legislature is to forbid the public employment of a member of the city council by the city authorities in any capacity whatever, and to provide that he shall not render any public service for the city without forfeiting his office as a member of council except that he may render public service for the city or its officers as a notary or as a member of the state militia without forfeiture of his office as a member of the city council for the reason that such public employment is of such a trivial, rare or exceptional character that it could not tempt or influence in the least his conduct as a member of the city council.

"It will be seen by an examination of Section 3096, *et seq.*, that the state miliitia may be called into the service of the city, and the purpose of this exception is that such call of a member of the state militia into the service of the city * * * such public employment in the service of the city should not work a forfeiture of his office in case he should be a member of the city council.

"Likewise a notary public may be employed by the city to acknowledge deeds, verify records and reports, administer oaths to public officers and many other acts as a notary public for which he may be paid out of the city treasury, and the purpose of the exception is to provide that such public employment of a notary shall not forfeit his office as a member of council."

The conclusion in the brief for the relator was, that if this contention is right then Shearer was on December 27 not only a *de facto* but also a *de jure* member of council; and whether a *de facto* member, or both a *de facto* and a *de jure* member, the action of council in attemping to declare his seat vacant and appoint a successor was a nullity.

*R. N. Shotts, Warren Gard* and *W. C. Shepherd*, in a brief on behalf of the defendant, contended that the question involved was controlled entirely by Sections 119 and 120 of the municipal code (R. S., 1536-612 and 613), and that there is no room for the application of any common law rules, claiming that the holding of any public office or employment disqualifies a person from being elected a member of council, and that after a lawful election as member of such body such holding of office or employment works a forfeiture of the office of councilman forthwith. The election and subsequent incumbency of Shearer were, therefore, a nullity and no motion or judicial determination was necessary. Citing: *State, ex rel,* v. *Craig,* 69 O. S., 236; *State, ex rel,* v. *Orr,* 61 O. S., 384; 23 Amer. & Ency. of Law, 338; *State* v. *Alderman* (Mo.), 3 S. W. Rep., 849; Mechem Public Offices, Sec. 428; *People* v. *Common Council,* 77 N. Y., 503; *Stearns* v. *Wyoming,* 53 O. S., 352; *State, ex rel,* v. *Berry,* 47 O. S., 232; *State* v. *Hawkins,* 44 O. S., 115; *People* v. *Mays,* 7 N. E., 660.

Delay on the part of council in filling the vacancy occasioned by Shearer's ineligibility is of no importance. Nothing that council or even Shearer could do would dispense with the statutory qualifications. *In re Corliss,* 11 R. L., 638; *Commonwealth* v. *Hatter,* 1 Leg. Rec. Rep. (Pa.), 86; *Scarcy* v. *Grow,* 15 Cal., 117; *People* v. *Clute,* 50 N. Y., 451.

In opposition to *State* v. *Kinney,* 20 C. C., 325, the cases of *State* v. *Kearns,* 47 O. S., 566; *State* v. *McMillan,* 15 C. C., 163, and *State* v. *Wagner,* 19 C. C., 149, were cited.

It was further contended that the relator has no standing in court, because in order to prevail he must show that Millikin, who was appointed to fill the Shearer vacancy, had no title to the office of councilman, and relator's action being one to oust Gard, the title of Millikin, who was not a party to the proceed-

ing, could not be collaterally attacked. Citing: 4 Current Law, 861, Section 7; *Ex Parte Strang*, 21 O. S., 610; *Sitsky* v. *Newton*, 17 C. C., 482 (affirmed in 60 O. S., 605); *State* v. *Gardner*, 54 O. S., 24; *People* v. *Mays*, 7 N. E. Rep., 660.

The conclusion of counsel for the defendant was that Shearer, by reason of holding another public office and employment, was ineligible to be elected a member of council; that his election was a nullity; that no action on the part of council was necessary to create a vacancy, and the appointment of Millikin to fill the vacancy was valid; and, moreover, that the relator could not in this collateral proceeding attack Millikin's title.

The conclusions of law as made by the circuit court, were as follows:

"As conclusions of law the court finds that Fred Shearer, at no time between his election and the hearing of the cause, had the qualifications of a member of council required by law, and that his election and pretended incumbency of the office of councilman were a nullity, and that council had the right to determine this matter without notice to said Fred Shearer or taking any proceedings against him, and that the election of Brandon R. Millikin to fill said vacancy was duly and legally held, and that Homer Gard, the defendant, was legally elected as such clerk, and that the relator was not elected clerk, and is not entitled to any of the relief prayed for. It is therefore considered, adjudged and decreed that the relator's petition be and the same is hereby dismissed, and that defendant recover of relator his costs expended in this action, taxed at $——; to which decision of the court said relator excepts."

The opinion of the court was as follows:

JELKE, P. J.; SWING, J., and GIFFEN, J., concur.

This is not a case involving the expulsion of a member of council, who being legally qualified has been duly elected and installed in office. Section 121 of the municipal code has no application to the case at bar. We are of opinion that at no time between his election and the hearing of this case did Fred Shearer have the qualifications of a member of council provided and required by Section 120 of the municipal code. He held the public office of school examiner and the public employment of superintendent of one of the Hamilton public schools before the

election and continuously during the entire time of his pretended incumbency as member of council, in contravention of the provision:

"Every member of council shall be an elector of the city, shall not hold any other public office or employment, except that of notary public or member of the state militia, and shall not be interested in any contract with the city."

We are of the opinion that the inhibition against persons holding public office or employment is not limited to office in or employment by the municipality, but extends to all public office and employment. This is evidenced by the exception of notaries public and members of the militia.

Having come to this conclusion, the case of *State, ex rel Attorney-General*, v. *Craig*, 69 O. S., 236, applies:

"Where the appointment to an office is a nullity, for the reason that the apointee is by statute ineligible to such office, a legal appointment to such office may be made, without first ousting such first apointee by proceedings in quo warranto."

Fred Shearer's election and pretended incumbency of the office of councilman were a nullity, and on December 27, 1905, council had the right under Sections 119 and 120 of the municipal code to determine this matter without notice to Fred Shearer or taking any proceedings against him, and to fill the vacancy forthwith by the election of Brandon R. Millikin.

The prayers in both the quo warranto and injunction suits above set forth will be denied and the petitions dismissed.

*Andrews, Harlan & Andrews, Shank & Shank*, and *Neilan & Neilan*, for plaintiff in error.

*R. N. Shotts, Warren Gard* and *W. C. Shepherd*, for defendant in error.